EMPLOYMENT LAWYERS GROUP
KARL GERBER, SBN: 166003
ANN GULESER, SBN: 210790
13418 Ventura Boulevard
Sherman Oaks, California 91423
Telephone:  818 783 7300
Facsimile:   818 995 7159

Attorneys for Plaintiff
MANUEL MARTINEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL MARTINEZ, an individual <br><br> Plaintiff, <br><br> vs. <br><br><br> ULINE, INC.; and DOES 1 through 100 inclusive <br><br> Defendant. <br> _____ | CASE NO.: <br><br> **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL BASED UPON:** <br> **1. VIOLATION OF GOVERNMENT CODE SECTION 12945.2 CALIFORNIA FAMILY RIGHTS ACT ("CFRA");** <br> **2. CALIFORNIA LABOR CODE SECTIONS 1102.5 (b) AND (c) VIOLATIONS;** <br> **3. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** <br> **4. INTENTIONAL INFLICTION OF EMOTION DISTRESS.** |

Plaintiff, MANUEL MARTINEZ complains and alleges as follows:

\\

\\

\\

\\

## GENERAL ALLEGATIONS

### (Against All Named Defendants)

1.      Plaintiff, MANUEL MARTINEZ ("Plaintiff"), is a male resident of the County of Riverside, State of California.

2.      Plaintiff is informed and believes that at all times herein mentioned, Defendant, ULINE, INC. ("ULINE") is a duly organized Delaware Corporation headquartered on 12575 Uline Drive Pleasant Prairie, WI 53158 employing Plaintiff and more than 50 people there and/or within 75-mile radius of 8400 Milliken Avenue Rancho Cucamonga, CA 91730.

3.      Plaintiff and Defendant are citizens of different states and Plaintiff alleges that the amount in controversy exceeds $75,000.

4.      Plaintiff is ignorant of the true names and capacities thereto whether individual, corporate, or associate, of those Defendants fictitiously sued as DOES 1 through 100 inclusive and so Plaintiff sues them by these fictitious names.  Plaintiff is informed and believes that each of the DOE Defendant reside in the State of California and are in some manner responsible for the conduct alleged herein.  Upon discovering the true names and capacities of these fictitiously named Defendants, Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named Defendants.

5.      Unless otherwise alleged in this complaint, Plaintiff is informed, and on the basis of that information and belief, alleges that at all times herein mentioned, each of the remaining co Defendant, in doing the things hereinafter alleged, were acting within the course, scope, and under the authority of their agency, employment, or representative capacity, with the consent of her/his co Defendant.

6.      Plaintiff began working for Defendant on or about December 13, 2019, as a forklift operator earning $24.50 per hour.

7.    On December 18, 2020, Plaintiff became ill and called off work. Plaintiff tested positive for COVID 19, on December 18, 2020. Plaintiff requested to be off and took off work from December 18, 2020 to December 28, 2020. Plaintiff returned to work and worked until January 5, 2021 on which day he was fired because he was off work too many days due to COVID 19.

8.    Plaintiff believes he was fired in retaliation for taking CFRA leave due to COVID 19 which he was entitled to take. Plaintiff's need to take CFRA leave was a substantial motivating factor in Defendant's reason to terminate Plaintiff. Plaintiff had 6 absences since and was warned on or about September 30, 2020 for having six absences. The days Plaintiff took off under CFRA for COVID 19 should not have been counted as excessive, unauthorized absences and Plaintiff should not have been terminated for a leave under CFRA for which he qualified and was entitled.

9.    All of the foregoing and following actions taken towards Plaintiff that are alleged in this complaint were carried out by managerial employees and agents of each other acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff.

### FIRST CAUSE OF ACTION

### VIOLATION OF GOVERNMENT CODE SECTION 12945.2

### CALIFORNIA FAMILY RIGHTS ACT ("CFRA")

### (AGAINST DEFENDANT ULINE AND ALL DOE DEFENDANTS)

10.    Plaintiff realleges the information set forth in Paragraphs 1-9 above and hereby incorporates these paragraphs as though fully set forth and alleged herein.

11.    Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act.  On February 16, 2021, Plaintiff filed charges for violation of the CFRA/FMLA failure to reinstate, interference with CFRA, and retaliation charge against ULINE, a true and correct copy of which has been attached hereto, made a part hereof, and marked as Exhibit 1.  On February 16, 2021, the Department of Fair Housing and Employment

issued the Notice of Case Closure/Right-to-Sue Letter, allowing Plaintiff to sue said Defendant, a true and correct copy of which has been attached hereto, made a part hereof, and Marked as Exhibit 1.

12.    As of December 18, 2020, Plaintiff qualified for protected medical leave under CFRA in that:

      a.  Plaintiff had worked for Defendant for more than 12 months;

      b.  Plaintiff had worked more than 1,250 hours for Defendant in the previous 12-month period;

      c.  Plaintiff's workplace employed more than 50 individuals and within a 75-mile radius thereof;

      d.  Plaintiff suffered from a serious health condition of COVID 19;

      **e.**  Plaintiff's condition involved inpatient care in a hospital, and continuing treatment or continuing supervision by a health care provider as required under California Government Code Section 12945.2(c)(8)(A) and (B).

13.    At all times relevant, Plaintiff had a serious health condition of COVID 19, and was discharged on January 5, 2021, in retaliation for taking December 18, 2020 to December 28, 2020 off work in order to heal under CFRA. Plaintiff's need to take CFRA leave was a substantial motivating factor in Defendant's reason to terminate Plaintiff.

14.    As a direct, foreseeable, and proximate result of the conduct complained of in this cause of action, Plaintiff has suffered, and continues to suffer emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits Plaintiff would have received from the named corporate Defendant to this cause of action plus expenses incurred in obtaining substitute employment and not being regularly employed for months, all to Plaintiff's damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

15.    As a further direct and proximate result of Defendant's unlawful failure to provide protected medical leave, Plaintiff has suffered, and continues to suffer, extreme and severe anguish, humiliation, emotional distress and mental suffering, nervousness, tension, anxiety, depression, and physical ailments, in a sum within the jurisdiction of this court, to be ascertained according to proof.

16.    The grossly reckless, and/or intentional, malicious, and bad faith manner in which Defendant engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating Plaintiff for refusing to comply with its willful violations of the above referenced statutes entitle Plaintiff to punitive damages against Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish Defendant, deter it from engaging in such conduct again, and to make an example of it to others.

17.    Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of Defendant, described above, was done with oppression and malice by Plaintiff's supervisor and managers, and was ratified by those other individuals who were managing agents of Defendant. These unlawful acts were further ratified by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendant for its acts as described in this cause of action in a sum to be determined at the time of trial.

18.    Plaintiff also prays for reasonable costs and attorney's fees against Defendant as allowed by California Government Code Section 12965(b) for Plaintiff's prosecution of this action in reference to the time Plaintiff's attorneys spent pursuing this cause of action.

\\

\\

\\

\\

## SECOND CAUSE OF ACTION

## CALIFORNIA LABOR CODE SECTIONS 1102.5 (b) AND (c) VIOLATIONS

## (AGAINST DEFENDANT ULINE, AND ALL DOE DEFENDANTS)

19.    Plaintiff re-alleges the information set forth in Paragraphs 1-9 of the General Allegations, Paragraphs 10-18 of the First Cause of Action, inclusive as though fully set forth herein.

20.    Labor Code Section 1102.5(b) states an employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

21.    Defendants violated the Labor Code Sections 1102.5(b) because Defendant retaliated against Plaintiff by firing Plaintiff for taking time off to heal after being tested positive for COVID 19, taking a protected leave under CFRA.

22.    This cause of action is under the Labor Code Section 1102.5(c) which states that an employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

23.    Defendants violated Labor Code Section 1102.5(c) because Defendant retaliated against Plaintiff because Plaintiff refused to participate in an activity (continuing to work despite needing CFRA leave) that would result in the violation CFRA. Defendant retaliated against Plaintiff by firing Plaintiff for taking time off to heal after being tested positive for COVID 19, taking a protected leave under CFRA.

24.   Said conduct of Defendants violates the below public policies:

  a.  California Government Code Section 12945.2 which prohibits discrimination against an employee that needs to take leave under CFRA. for discriminating against Plaintiff and denied Plaintiff medical leave by terminating Plaintiff's employment in retaliation for taking time off for serious health condition;

  b.  California Government Code Section 12940(h) which prohibits supervisors and employers from retaliating against employees when employees do not put up with statutorily prohibited conduct and exercise their rights under CFRA for terminating Plaintiff in retaliation for taking a CFRA leave;

  c.  Labor Code Section 1102.5(b) which prohibits retaliation against an employee for complaining of a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation;

  d.  Labor Code Section 1102.5(c) which prohibits retaliation against an employee for exercising her statutory protections;

  e.  The violation of 1102.5(c) was also a violation of Labor Code Section 1103 which makes 1102.5 an important public policy because it has criminal penalties, and 1102.5(f) provides for penalties;

  f.  California Labor Code Section 246(a) which states an employee who works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in this section;

  g.  California Labor Code Section 246(b)(1) which states an employee shall accrue paid sick days at the rate of not less than one hour per every 30 hours worked. Plaintiff worked more than six years for Defendant and had accrued more than 3 days of sick leave working for Defendant;

h. California Labor Code Section 246.5(a)(1) which states an employer shall provide paid sick days for the diagnosis, care, or treatment of an existing health condition of, or preventive care for an employee;

i. California Labor Code Section 246.5(c)(1) which states an employer shall not deny an employee the right to use accrued sick days, discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using accrued sick days, attempting to exercise the right to use accrued sick days, filing a complaint with the department or alleging a violation of this article, cooperating in an investigation or prosecution of an alleged violation of this article, or opposing any policy or practice or act that is prohibited by this article;

j. Labor Code Section 233(a) which states that any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, to attend to an illness of the employee;

k. Labor Code Section 234 which states that an employer absence control policy that counts sick leave taken pursuant to Section 233 as an absence that may lead to or result in discipline, discharge, demotion, or suspension is a per se violation of Section 233;

l. All other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were violated by all named and DOE Defendants by discriminating and retaliating against Plaintiff and firing Plaintiff.

25. Defendant retaliated against and terminated Plaintiff for exercising his right to request and take reasonable time off that he was entitled to under CFRA. Defendant retaliated against and terminated Plaintiff for requiring the protections of the statutes enumerated in this Cause of

Action, and therefore the work environment Defendant created for Plaintiff was illegal due to Defendant's failure to offer said protections.

26.     Defendant's actions, as alleged in this cause of action, directly and proximately resulted in Plaintiff suffering and continuing to suffer, extreme and severe anguish, humiliation, embarrassment, mental suffering, nervousness, tension, anxiety, and depression, and causing Plaintiff to incur future medical bills, all to Plaintiff's detriment in a sum within the jurisdiction of this court, to be ascertained according to proof.

27.     As a direct, foreseeable, and proximate result of said Defendant's actions, and each of its actions alleged in this cause of action, Plaintiff has suffered, and continues to suffer, substantial losses in job opportunities, career losses, salary, bonuses, job benefits, and other employment benefits she would have received had said Defendant's actions, and each of its actions, not caused Plaintiff such emotional suffering and grief, all to Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

28.     As a direct, foreseeable, and proximate result of said Defendant's actions, and each of its actions as alleged in this cause of action, which were intentional, malicious, oppressive, and made in a bad faith manner in an attempt to vex, injure, annoy, and/or willfully and consciously disregard Plaintiff's rights by taking the actions alleged in this cause of action, Plaintiff prays for punitive damages against said Defendant in a sum within the jurisdiction of this court, to be ascertained, according to proof, in a sufficiently large amount to punish said Defendant, deter future conduct by said Defendant and others behaving like it, and to make an example of said Defendant.

29.     Plaintiff prays for an award of reasonable attorney's fees under California Labor Code Section 1102.5(j).

30.     Plaintiff also prays for all penalties allowed under California Labor Code Section 1102.5(f), including the up to $10,000.00 penalty.

\\

### THIRD CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (AGAINST DEFENDANT ULINE, AND ALL DOE DEFENDANTS)

31.    Plaintiff re-alleges the information set forth in Paragraphs 1-9 of the General Allegations, Paragraphs 10-18, Paragraphs 19-30 of the Second Cause of Action, and hereby incorporates these paragraphs as though fully set forth and alleged herein.

32.    Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy.  In recent years, the California court has interpreted a fundamental public policy to be any articulable constitutional, statutory provision, or regulation that is concerned with a matter effecting society at large rather than a purely personal or proprietary interest of the employee or the employer.  Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

33.    Plaintiff is informed, believes, and based thereon, alleges that Defendant to this cause of action terminated Plaintiff in violation of public policy in discrimination and retaliation for taking a protected leave under CFRA which Plaintiff was entitled to take. Defendant's conduct described in the above sentence violates the following statutes that effect society at large:

      a.    California Government Code Section 12945.2 which prohibits discrimination against an employee that needs to take leave under CFRA. for discriminating against Plaintiff and denied Plaintiff medical leave by terminating Plaintiff's employment in retaliation for taking time off for serious health condition;

      b.    California Government Code Section 12940(h) which prohibits supervisors and employers from retaliating against employees when employees do not put up with statutorily prohibited conduct and exercise their rights under CFRA for terminating Plaintiff in retaliation for taking a CFRA leave;

c. Labor Code Section 1102.5(b) which prohibits retaliation against an employee for complaining of a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation;

d. Labor Code Section 1102.5(c) which prohibits retaliation against an employee for exercising her statutory protections;

e. The violation of 1102.5(c) was also a violation of Labor Code Section 1103 which makes 1102.5 an important public policy because it has criminal penalties, and 1102.5(f) provides for penalties;

f. California Labor Code Section 246(a) which states an employee who works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in this section;

g. California Labor Code Section 246(b)(1) which states an employee shall accrue paid sick days at the rate of not less than one hour per every 30 hours worked. Plaintiff worked more than six years for Defendant and had accrued more than 3 days of sick leave working for Defendant;

h. California Labor Code Section 246.5(a)(1) which states an employer shall provide paid sick days for the diagnosis, care, or treatment of an existing health condition of, or preventive care for an employee;

i. California Labor Code Section 246.5(c)(1) which states an employer shall not deny an employee the right to use accrued sick days, discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using accrued sick days, attempting to exercise the right to use accrued sick days, filing a complaint with the department or alleging a violation of this article, cooperating in an investigation or prosecution of an alleged violation of this article, or opposing any policy or practice or act that is prohibited by this article;

j.  Labor Code Section 233(a) which states that any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, to attend to an illness of the employee;

k.  Labor Code Section 234 which states that an employer absence control policy that counts sick leave taken pursuant to Section 233 as an absence that may lead to or result in discipline, discharge, demotion, or suspension is a per se violation of Section 233;

l.  All other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were violated by all named and DOE Defendants by discriminating and retaliating against Plaintiff and firing Plaintiff.

34.  Plaintiff alleges that said Defendant, violated articulable public policies, affecting society at large, by violating the statutes as described in the above Paragraph, when Defendant refused to reinstate Plaintiff to a comparable job after she returned from CFRA leave, and retaliated against Plaintiff in violation of public policy by terminating Plaintiff for the reasons stated in the above Paragraph, General Allegations, and the First and Second Causes of Action.

35.  Specifically, Plaintiff alleges that said Defendant's violations of the above referred statutes affect society at large because they affect the health and safety of workers.

36.  As a direct, foreseeable, and proximate result of the actions of said Defendant, and each of their acts as described in this cause of action, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits she would have received from said Defendant plus expenses incurred in obtaining substitute employment and not being regularly employed for months, as well as

financial losses, all to Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

37.    The grossly reckless and/or intentional, malicious, and bad faith manner in which said defendant conducted itself as described in this cause of action by willfully violating those statutes enumerated in this Cause of Action, Plaintiff prays for punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter them from engaging in such conduct again, and to make an example of them to others.

38.    Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendant described above, in this cause of action, was done with oppression, and malice, by Plaintiff's supervisor and manager and was ratified by those other individuals who were managing agents of the Defendant employers. These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendant for their acts as described in this cause of action in a sum to be determined at the time of trial.

## FOURTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST DEFENDANT ULINE, AND ALL DOE DEFENDANTS)

39.    Plaintiff re-alleges the information set forth in Paragraphs 1-9 of the General Allegations, Paragraphs 10-18, Paragraphs 19-30 of the Second Cause of Action, Paragraphs 31-38 of the Third Cause of Action, and hereby incorporates these paragraphs as though fully set forth and alleged herein.

40.    Defendant acted intentionally and/or recklessly and subjected Plaintiff to severe emotional distress by doing the outrageous acts alleged to have been done by said Defendant throughout this complaint by terminating Plaintiff's employment for the reasons that violate public policy which is taking a protected leave under CFRA because of being COVID 19 positive.

41.    In doing the acts herein alleged in the First through the Third Causes of Action, Defendant acted outrageously with the intent of causing (or with reckless disregard of the probability of causing) severe emotional distress to Plaintiff. Specifically, it was outrageous to:

        a.    Terminate Plaintiff in discrimination and retaliation for exercising his right to take CFRA leave.

42.    Defendant knew that terminating Plaintiff for reasons specified in the First through the Third Causes of Action would violate the law and cause Plaintiff severe emotional distress and terminated Plaintiff in violation of the law in reckless disregard to his mental wellbeing. Defendant's actions, alleged in this cause of action, directly and proximately resulted in Plaintiff suffering and continuing to suffer, extreme and severe anguish, humiliation, embarrassment, emotional distress, mental suffering, nervousness, tension, anxiety, and depression, and causing Plaintiff to incur future medical bills, all to Plaintiff's detriment in a sum within the jurisdiction of this court, to be ascertained according to proof.

43.    As a direct, foreseeable, and proximate result of said Defendant's actions, and each of their actions alleged in this cause of action, Plaintiff has suffered, and continues to suffer, substantial losses in job opportunities, career losses, salary, bonuses, job benefits, and other employment benefits she would have received had said Defendant's actions, and each of their actions, not caused her such emotional suffering and grief, all to Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

44.    As a direct, foreseeable, and proximate result of said Defendant's actions, and each of their actions as alleged in this cause of action, which were intentional, malicious, oppressive, and

made in a bad faith manner in an attempt to vex, injure, annoy, and/or willfully and consciously disregard Plaintiff's rights by taking the actions alleged in this cause of action, Plaintiff prays for punitive damages against said Defendant in a sum within the jurisdiction of this court, to be ascertained, according to proof, in a sufficiently large amount to punish said Defendant, deter future conduct by said Defendant and others behaving like them, and to make an example of said Defendant.

WHEREFORE, Plaintiff prays for the following relief, to be determined by a jury as follows:

For All Causes of Action:

1.   For general damages in an amount according to proof, but in excess of the minimum jurisdiction of this court;

2.   For special damages in an amount according to proof, but in the excess of the minimum jurisdiction of this court, in order to compensate Plaintiff for her loss of past and future earnings, and all damages flowing from Plaintiffs loss of earnings, loss of job security, failure to properly advance within her career, and damage to her reputation;

3.   For all costs and disbursements incurred in this suit;

4.   For such other and further relief as the Court deems just and proper;

5.   For all interest as allowed by law;

6.   For all general and special damages in an amount according to proof, but in the excess of the minimum jurisdiction of this court, in order to compensate Plaintiff for any medical expenses and suffering;

\\

\\

\\

For the First Cause of Action:

7.   For reasonable attorney's fees and costs, as allowed by law under California Government Code Section 12945 et sec. California Family Rights Act, for the time that Plaintiffs attorney spends pursuing this cause of action, and for costs;

8.   For all equitable relief awardable pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203;


For the Second Cause of Action:

9.   For the California Labor Code 1102.5 penalty and burden of proof articulated in California Labor Code Section 1102.6;

10.   For the California Labor Code Section 1102.5 penalties of $10,000.00;

11.   A reasonable award of reasonable attorney's fees under California Labor Code section 1102.5(j).


DATED: February 22, 2021          EMPLOYMENT LAWYERS GROUP

                          By: _____
                              Karl Gerber
                              Ann Guleser
                              Attorneys for Plaintiff,
                              ATTORNEYS FOR PLAINTIFF,
                              MANUEL MARTINEZ